**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 12–cv–02323–REB–KMT

WESTMINSTER COMMONS DEVELOPMENT, LLC, a Colorado limited liability company,

    Plaintiff,

v.

MCELLIOT, LLC, an Arizona limited liability company,
AZG WESTMINSTER, LLC, Arizona limited liability company,
DANIEL L. WARDROP, an individual,
DANIEL SHREEVE, an individual, and
DAVID BENSON, an individual,

    Defendants.

## ORDER RE:  RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

**Blackburn, J.**

    The matters before me are (1) the **Recommendation of United States Magistrate Judge** [#34],[1] filed July 31, 2013; and (2) defendants' **Objection to Recommendation of United States Magistrate Judge and Request for Clarification** [#35], filed August 14, 2013.  I grant the request for clarification, overrule the objections, adopt the recommendation, and grant the apposite order to compel arbitration.

    As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which objections have been filed, and have considered carefully the recommendation, objections, and applicable caselaw.  The recommendation is detailed

---

[1] "[#34]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF).  I use this convention throughout this order.

and well-reasoned.  Defendants object only to the extent that the magistrate judge's recommendation can be read to constitute a determinative statement regarding plaintiff's membership status *vel non.*  Plaintiff states that it does not oppose this request (*see* **Plf. Resp. to Objection** [#36], filed August 21, 2013), and I concur that the ultimate issue whether plaintiff is a member of the LLC is for the arbitrator. Accordingly, I clarify that I approve and adopt the magistrate judge's recommendation insofar as it suggests that there is a colorable issue regarding plaintiff's status as a member of the LLC, which issue ultimately is for the arbitrator to resolve.

In all other respects, I find and conclude that the arguments advanced, authorities cited, and findings of fact, conclusions of law, and recommendation proposed by the magistrate judge should be approved and adopted to the extent it suggests that plaintiff's claims against McElliot must be referred to arbitration and this action stayed.[2]  Moreover, I agree with the magistrate judge's recommendation that **Defendant AZG Westminster, LLC's Petition for an Order To Show Cause Why Plaintiff's Lien Should Not Be Declared Invalid** [#7], filed September 6, 2012, as well the **Motion To Dismiss** [#8], filed September 6, 2012, by all defendants other than

---

[2]  It is not clear whether plaintiff's claims against the individual defendants – all managers and members of the LLC – are likewise subject to arbitration; there does not appear to be any suggestion that those against defendant AZG Westminster (the owner of the real property at issue) are arbitrable. Nevertheless, and although the Federal Arbitration Act "*requires* piecemeal resolution when necessary to give effect to an arbitration agreement," I have discretion to stay non-arbitrable claims until arbitration is completed. **Moses H. Cone Memorial Hospital v. Mercury Construction Corp.**, 460 U.S. 1, 20, 103 S.Ct. 927, 939, 74 L.Ed.2d 765 (1983) (emphasis in original; footnote omitted).  My discretion is informed by considerations of judicial efficiency, **Coors Brewing Co. v. Molson Breweries**, 51 F.3d 1511, 1518 (10th Cir. 1995), as well as "issues such as the risk of inconsistent rulings, the extent to which parties will be bound by the arbitrators' decision, and the prejudice that may result from delays must be weighed in determining whether to grant a discretionary stay," **AgGrow Oils, L.L.C. v. National Union Fire Insurance Co. of Pittsburgh, PA**, 242 F.3d 777, 783 (8th Cir. 2001).  Thus, regardless whether the claims implicating the individual defendants are themselves arbitrable, I find that staying all claims in this lawsuit will result in the most efficacious result in this case.

McElliot, should be denied as moot, as both rely on the premise – now subject to arbitration – that plaintiff was not a member of the LLC entitled to enforce the arbitration provisions of the Operating Agreement.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Recommendation of United States Magistrate Judge** [#34], filed July 31, 2013, is **APPROVED AND ADOPTED** as an order of this court;

2. That the objection contained in defendants' **Objection to Recommendation of United States Magistrate Judge and Request for Clarification** [#35], filed August 14, 2013, is **OVERRULED**;

3. That the motion for clarification contained in defendants' **Objection to Recommendation of United States Magistrate Judge and Request for Clarification** [#35], filed August 14, 2013, is **GRANTED** to the extent that it is **CLARIFIED** that plaintiff's membership status *vel non* is an issue for the arbitrator to resolve;

4. That **Plaintiff's Motion To Compel Compliance with ADR Provision Contained in McElliot, LLC Operating Agreement** [#10], filed September 12, 2012, is **GRANTED**;

5. That **Plaintiff's Motion To Stay Proceedings Pending Completion of Alternative Dispute Resolution** [#11], filed September 12, 2012, is **GRANTED**;

6. That plaintiff, Westminster Commons Development, LLC, a Colorado limited liability company, and defendants, McElliot., are **ORDERED** to proceed to arbitration of its claims against McElliot, LLC, an Arizona limited liability company.;

7. That plaintiff's claims against all defendants in this action are **STAYED**

pending the outcome of the arbitration;

8. That plaintiff and defendant McElliot, LLC, **SHALL FILE** a status report indicating the status of the arbitration, including but not limited to its anticipated date of its commencement, on or before **October 2, 2013**, and every **ninety (90) days** thereafter, until the arbitration is completed;

9. That within **eleven (11) days** of the completion of the arbitration, plaintiff and defendant McElliot, LLC, **SHALL FILE** a statement with the court stating that the arbitration has been completed, describing the results of the arbitration, and indicating what, if any, further action each party and/or any other named party in this lawsuit intends to take in this case;

10. That **Defendant AZG Westminster, LLC's Petition for an Order To Show Cause Why Plaintiff's Lien Should Not Be Declared Invalid** [#7], filed September 6, 2012, is **DENIED WITHOUT PREJUDICE AS MOOT**; and

11. That the **Motion To Dismiss** [#8], filed September 6, 2012, is **DENIED WITHOUT PREJUDICE AS MOOT**.

Dated September 6, 2013, at Denver, Colorado.

**BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge